MATTHES LAMOS, PLAINTIFF-RESPONDENT, v. NEW YORK TELEPHONE COMPANY, A CORPORATION, DEFEND-ANT-APPELLANT.

JOHN REIMESCH, PLAINTIFF-RESPONDENT, v. NEW YORK TELEPHONE COMPANY, A CORPORATION, DEFEND-ANT-APPELLANT.

Submitted July 5, 1923—Decided October 29, 1923.

**Negligence—Street Excavations—Proper Protection—Weight of Evidence.**

On rules to show cause why verdicts in favor of the plaintiffs should not be set aside.

Before Justices TRENCHARD and PARKER.

For the rules, *Smith & Slingerland.*

*Contra, Weinberger & Weinberger.*

PER CURIAM.

These suits grew out of the same facts and were by agreement tried together. In each case the plaintiff recovered a verdict and the defendant has these rules to show cause why new trials should not be granted.

On March 14th, 1922, at about nine P. M., plaintiff Reimesch drove his Ford automobile along Summer street in Passaic, and into an excavation made by the defendant under a permit from the county engineer. The plaintiff Lamos was sitting beside him in the car and both plaintiffs claim for consequent damages.

It appears that it was a cloudy and rainy night. The excavation was in Summer street, just beyond a cross street. The excavation itself was about ten feet long, eight feet wide and nine feet deep. It seems to have been guarded on the sidewalk side by boards and from Summer street by dirt piled up on the edges, and the obstruction extended into the

street about fourteen feet. The mound around the edges of the excavation was from one and one-half to five feet high.

All the witnesses agree that there were at least four red lights, one at each corner of the excavation. One of plaintiff's witnesses testified that on the side where the machine went in there were only two lights, one at each end. Most of the other witnesses, however, say that there were more lights, some saying three on that side, one in the middle; and the testimony of defendant's witnesses seems to show pretty clearly that there were at least eight lights by the excavation at the time of the accident.

It is argued, therefore, that on the question of negligence of the defendant company, and on the question of contributory negligence of the plaintiff Reimesch, the verdict was against the weight of the evidence.

Our conclusion is that upon the question of the negligence of the defendant the verdict was against the weight of the evidence.

We think that the weight of the evidence is that the excavation was properly guarded. We think that the great weight of the evidence is that there were at least three lights there on the side that the car went in, one on each corner and one in the center. And it is significant that disinterested witnesses testify that shortly after the accident a smashed red lantern was found in the excavation, strongly indicating that when the car went down into the excavation it took the center light down with it.

We, therefore, feel constrained to grant a new trial in both cases.

With respect to plaintiff Reimesch, the driver of the car, we incline to think that the great weight of the evidence shows him to have been guilty of contributory negligence in any event. He testified that he saw no lights at all until after it was too late to stop. Considering the physical conditions surrounding the excavation it seems to us that this is very persuasive that he was either careless in his observations or was driving recklessly, considering the time, place and weather conditions.

Both rules will be made absolute.